Matter of Carlock v Board of Trustees of N.Y. Fire Dept. Pension Fund, Subchapter Two (2018 NY Slip Op 07119)





Matter of Carlock v Board of Trustees of N.Y. Fire Dept. Pension Fund, Subchapter Two


2018 NY Slip Op 07119


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-05271
 (Index No. 10122/15)

[*1]In the Matter of Shirley J. Carlock, respondent,
v
Board of Trustees of New York Fire Department Pension Fund, Subchapter Two, et al., appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow and Daniel Matza-Brown of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo, P.C. (Michael N. Block and Stephen C. Glasser of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York Fire Department Pension Fund, Subchapter Two, dated April 22, 2015, denying the petitioner's application for accidental death benefits, the Board of Trustees of the New York Fire Department Pension Fund, Subchapter Two and Daniel A. Nigro appeal from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated March 29, 2016. The judgment granted the petition, annulled the determination, and directed that the petitioner receive accidental death benefits nunc pro tunc from the date of the first application.
ORDERED that the judgment is affirmed, with costs.
Under the circumstances of this case, we agree with the Supreme Court's determination granting the petition, annulling the determination, and directing that the petitioner receive accidental death benefits nunc pro tunc from the date of the first application.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court